Good morning, Your Honor. My name is Keith Rigg, and I represent Darreon Wright. There are two issues before you today. Mr. Wright was convicted of Hobbs Act robbery and display, discharge, and use of a firearm in regard to a crime of violence under Section 924C. The first issue, which was initially briefed, concerns a jury instruction on the Commerce Clause. I think that the issue here is how far you go in telling a jury if you find predicate facts, then you have to find the element. That's kind of where the district court ended up in their jury instruction in saying that in fact, if they prove beyond a reasonable doubt that the robbery targeted a marijuana dealer's drugs or drug proceeds, the government has proved beyond a reasonable doubt that commerce over the United States has jurisdiction was affected. Generally speaking, that's not typically how we instruct juries. We don't tell them if you find predicate facts, then you have to find the element or find the crime. So I think that the abuse of discretion here essentially is that they went too far. And I think it's a difficult issue when you have a Supreme Court case which certainly finds that that situation is sufficient for finding jurisdiction, and how far you go then in translating a finding of sufficiency into a command to the jury. So I think I would agree with you that this is a very odd instruction. I haven't seen one quite like this before. And I think you're right, it's complicated by the Supreme Court decision. But take the same instruction. If the district court would have said, if you find beyond a reasonable doubt drug proceeds, then it can satisfy the element beyond a reasonable doubt of commerce. Would that have been a different case in your view or a permissible instruction? And I think it would be, because the Sandstrom language, which we usually use, you may but are not required to find that this happened. That's certainly allowed. But it's also a cautionary thing, because even juries still get to do what they want to do at the end of the day. Whether they think it is or not, they still get that space to make the decision of whether or not they think it's a crime or not. And you take away that space, I think, if you just say, if you find these facts, you must do this. That, I think, is the problem with it. So yeah, I think that if you had taken that step back, if you would have been permissive rather than mandatory, then I think that that would have been. Is that the specific argument you made before the district court, an objection to the instruction? Yeah, I believe it is, because I mentioned Sandstrom in particular concerning that. You have to have that kind of language in an instruction like this rather than just question. Then, and I will admit, this is not the most glorious part of my law practice in 40 years, me missing an issue, but I did. And after trial was over, after the initial brief was filed, Supreme Court came out and said that attempted Hobbs Act robbery doesn't qualify as a crime of violence. And that's the supplemental brief. Counsel, let me ask you that about the missing act. Was the issue waived? We have cases that say if it's not in the opening brief, it is waived. And there's a recent unpublished opinion by this court, and I know it's not binding, where I was on the panel where we said, look, the Supreme Court ran it cert, there was a circuit split, they heard her oral argument, and yet the issue wasn't raised until after the Supreme Court decision. Issue was waived. And I'm wondering whether we even need to address the issue in light of the fact that ultimately, unfortunately, you missed the issue. Well, I think that the difference between the unpublished, which I did read yesterday, and this is before the government filed their brief, I asked to supplement my original brief because of the case. They didn't object. We, the court granted that. So I think the supplemental brief here, which wasn't present in that other case, they just raised the issue after the government brief. So I think that the supplemental can be considered as part of the initial brief in this case. The other thing is, the government didn't argue waiver. They argued plain error. So I think in this case, I might be under the wire slightly, but still under the wire, so that it's still a plain error case. And then the question is whether or not it's plain error or not. And I think the government's conceded that it's plain. The question's whether or not it's affected substantial rights. And in this case, basically what the government's saying is, look, at the end of all of this, the juvenile that was involved picked up Mr. Shoemaker's bag, so there's a completed robbery. We don't have to worry about attempt. I think the problem with that is, he does that kind of in the aftermath rather than during the event. Mr. Shoemaker, the victim, is already out of the building by the time that happened. He basically abandoned the bag in the aftermath of the struggle and left. But the reason they charged attempt in the first place, the reason it was put before the jury, was because the object of the robbery was money. And one of my favorite parts of this case is Mr. Shoemaker files a Facebook comment to a local news report to the robbery, saying the only people that robbed him were the police, because they're the ones who ended up taking his money. A jury certainly could find that in this very brief struggle that occurs, that the robbery itself wasn't achieved. All that happened was the struggle and then ultimately the gunshot and then everybody leaves. But isn't taking the duffel bag also a robbery in and of itself, whether there's money in it or not? Is it taking, is it taking it as part of a robbery, or is it picking up abandoned property in the aftermath of a robbery, I think is what the jury would have to decide. Well, it's not like he left the scene and came back for it or something like that. It was all part of the... He actually, the bag is actually on the other side of the door of the stairway. And he opens the door, there's a video of him doing it, opened the door and picked it up, like I said, after Mr. Shoemaker had left. Plus, he may well have thought that's where the money was. Could have. I'm not saying that they couldn't have, a jury couldn't have said this is a completed robbery. The question is, and the reason they charged attempt, is they also just as easily could say it was an attempted robbery that just went south and everybody left, which is why they didn't end up with the money. Let me try another theory on you. The indictment charged completed robbery, attempted robbery, and the third one, committing and threatening physical violence to another person in furtherance of a plan and purpose to commit such a robbery. I notice ultimately the third one was never instructed on. Correct. But wouldn't that one be a slam dunk if we went back, if the government elected to ask for an instruction on that one? Wouldn't that one be a slam dunk, independent of robbery or attempted robbery? Well, I think the short answer is we don't know since they didn't try. They could have tried a theory... You have to show prejudice though, right? Right, but they could have tried a theory that it was a drug deal involving a gun. They didn't charge that either. So I don't think the question is whether or not if we had another trial could they find, could they get a conviction. They got a conviction the first time on something for the Hobbs Act robbery. I think the question is, in this case, given this very brief event between these three people, could a jury find that the brevity of that, the fact that Mr. Shoemaker instantly fought back, basically, that they never got to the robbery part of what they were doing, which would make it an attempt, which is why ultimately they didn't end up with the money. Counsel, let me try another theory, going the opposite way, which is, does stealing a duffel bag satisfy the jurisdictional element of Hobbs Act robbery? Well, I think they'd have to find that the duffel bag was in the stream of commerce in that case, which is something they didn't try. They just said he stole a duffel bag. But I didn't see you make that argument. I think that's a pretty good argument that the jury must have found attempted Hobbs Act robbery and not Hobbs Act robbery, but I don't understand you to be making that argument. I want to be sure that you did or did not make it. At trial, I did not make the argument that the duffel bag was not proven to be in the stream of commerce, but also remember, at trial, whether it was an attempt or whether it was a completed robbery didn't make any difference. Either of them found him guilty of the Hobbs Act robbery, and both of them found him guilty of the 924C. No, that's fair. I know that you wouldn't have made that an argument, excuse me, at trial, but did you make that case, or did you make that argument? No, I did not. Okay. Unless there are any other questions, my time's up. Thank you, Mr. Rigg. Thank you very much. Ms. Herrera? Ms. Herrera? May it please the Court, Counsel? My name is Kristen Herrera, and I represent the United Regarding the first issue, the interstate commerce jury instruction issue, the district court's instruction to the jury on interstate commerce was a nearly verbatim recitation of the Taylor 1 holding. The instruction did not shift the burden of proof to Mr. Wright and simply provided the jurors with an accurate recitation of the law. I agree with you, Counsel, but I got to say, and it may ultimately pass muster, this is a very, very poor instruction generally, because we don't usually instruct that one thing necessarily leads to a guilty verdict on the other. You're right. You're absolutely right that it mirrors what Justice Alito said, but I don't think that's how we instruct juries. We instruct juries that if you find beyond a reasonable doubt one thing, then you may, or you can, find that this element has been satisfied. Could you address sort of the Yes, Your Honor. We believe it's distinguishable from the Sandstrom case because in that case, the court instructed the jury to find facts that the jury was required to find beyond a reasonable doubt. And in this case, the district court simply said, if you find these facts beyond a reasonable doubt, then this element has been proven, which is an accurate legal description. Well, let me ask you this. If you had to do it over again, again, this may pass muster, but would you have asked for a permissive instruction, which probably better accords with the law? Yeah, of course, Your Honor. In hindsight, we would use the language similar to that in the model jury instruction for felon in possession, the interstate commerce issue that says may, but are not required to. However, we don't think that the swapping of language that we used is something that's a reversible error in this case. And for the reasons I just mentioned too, it is similar to the jury instruction, the model jury instruction used in felon in possession cases that directs or gives the jury more information about the legal element and how it can be achieved or proven by the government. Nowhere in the element or the statute does it talk about a firearm crossing a state line. The district court is simply providing more information to the jury about legally how that element can be achieved. If there are no further questions on that issue, I'd like to move on to Mr. Wright's second issue, which is the Taylor 2 issue. And I first wanted to start with your question, Judge Strauss, regarding whether the stealing of a duffel bag satisfies the jurisdictional interstate commerce element. And we believe it does based on the Taylor 1 language. So referring back to the interstate commerce issue and on page 308 of the Taylor 1 case, it says that the government, if the government proves beyond a reasonable doubt that a robber targeted a marijuana dealer's drugs or proceeds, then the government has proven beyond a reasonable doubt that the interstate commerce is satisfied. So our... I wonder about that. So you're right about what Taylor 1 says, but I'm actually wrapped around the axle on this one because we have case law. I forget who wrote the case, but it's about 20 years old that says the plain language of the robbery requires an actual effect on interstate commerce. Now, I think that that's probably wrong. It may be intending to target, might be what's required after Taylor 1, but I don't know how to get around that case because that's about the... that's our reading of the plain language of the statute. And we... the government believes in this case that Taylor 1 does control. It's the opinion and it specifically looks at what the target of the robbery was. And in this case, the taking of the duffel bag shows the intent, shows that the target of the robbery were the drug proceeds, the $6,900 cash that the victim brought to the drug transaction that he testified were drug proceeds and he intended to use to buy the marijuana from Mr. Wright and his accomplice. So we believe the Taylor 1 language would control here. Regarding the substance of the argument in this case, there was overwhelming evidence presented at trial that this was a completed Hobbs Act robbery. And in fact, it was essentially undisputed at trial. The completed robbery, the taking of the duffel bag was captured on video. It was also discussed in witness testimony. And the defense at trial never was that this was simply an attempted robbery and not a completed robbery. The defense at trial instead focused on the fact that the government had charged the wrong crime, that they should have charged a Title 21 crime, that this was a drug deal gone wrong. The intent all along was to so that or the drug deal. So that was always the defense at trial, never that this was not a completed robbery. I wanted to ask why the government and in the case that I referred to with the opposing counsel was Jackson, the unpublished opinion, and it hadn't come out when you briefed this case, but why not argue? And first of all, did you argue that the issue had not been raised in the opening brief? We did not. Okay, that answers my second question, so please proceed. Thank you. So we believe that in this case, the fact that this was essentially undisputed at trial simply does not, Mr. Wright does not meet his burden that there is a reasonable probability the verdict would have been different had the jury been properly instructed on this case. The government, as I mentioned, its case focused on the taking of the bag during the robbery. This began when we were arguing the jury instructions with the court where we specifically noted that a duffel bag could constitute personal property under jury instruction number nine. And from opening to closing, our theory was the stealing of the duffel bag was a completed robbery. Um, the, the government just does not believe Wright can meet his burden in this case because the evidence overwhelming, overwhelmingly supports his guilt on the substantive Hobbs Act robbery. If the court disagrees on that Taylor two analysis, the government, as noted in our brief, would request that the court apply the sentencing package doctrine and vacate Wright's conviction on count three, as well as his sentences on counts one and two and remand the entire case for resentencing by the district court. Um, if the court has no further questions, I have a whole bunch. Okay. Thank you. Let's go back to your argument about lack of lack of prejudice and the duffel bag. I think the theory of the case was always to steal the drug money, right? Correct. Your honor. All right. So now you want to argue no prejudice because there was a completed robbery, the duffel bag. And I'm not sure I understand whether you just mean the duffel bag alone is good enough, or is it that they were targeting, as you mentioned a minute ago, the drug proceeds and didn't get the drug proceeds, got a duffel bag that was empty. And does that, do you understand how that may bleed over into attempt? We were attempting to get the drug proceeds, didn't really get it, got a duffel bag. So can you parse that argument out a little bit for me? And then I have another question after that. Yes, your honor. So our, our theory about why it is a completed robbery is that the target, the object of the robbery, where the drug proceeds and Mr. Wright and his accomplices were never obtained, right? Correct, your honor. However, Mr. Wright and his accomplice, it was a reasonable conclusion that they thought the drug proceeds would be in the bag and that's why they took it. Otherwise, why would they have taken the duffel bag? If the whole reason for the robbery, which was the drug money, why would they have taken the bag? Doesn't that then become an The object of the robbery was the drug money and they took the bag thinking it had the drug money in it. It's a completed robbery because the taking of the duffel bag, which is personal property, constitute a robbery under jury instruction number nine. Okay. Then let me try my other theory. You heard my question to Mr. Rigg. The government also charged that third, the robbery, attempted robbery, and then acts of violence. I read the language before that never got instructed, correct? Correct, your honor. Could that also be a basis? That to me seems to be obvious. The third one, it was, was pretty obvious. The facts would support it since it was never instructed. Could that also be a basis to suggest there was no prejudice here? I believe it could, your honor. I haven't looked into that issue specifically. It wasn't raised in my brief and so I haven't done any research on it. However, logically, your point does seem to be well made. Can we do that though, counsel? And I don't mean to interrupt. If Jennifer has another question, please ask it. No, no, please, please have it. Can we do that without a prior conviction on it? I'm intrigued by this theory, but the fact that we have no prior conviction, I think makes it a harder, harder sell. But if you could just address that. Yes, your honor. Again, I'm, I'm sorry I missed that issue and I did not brief it, so I'm not as prepared to answer your questions on that. I don't know if the conviction would be prohibitive of, of considering it now. I wonder why the government abandoned that as an instruction. It seemed like such an easy way to get a conviction in this case, to abandon it, doesn't make much sense to me. Correct, your honor. I, I think that the logic back then was we didn't know this Taylor 2 opinion was going to be decided the way it was, and we thought we had a strong case on the robbery, and therefore we proceeded with what we thought was our strongest theory of the case at trial. I see. If the court has no further instructions, I, or questions, I see my time is up. Thank you so much. Thank you, Mr. Rivera. Thank you, your honors. Mr. Riga, your time had expired, I'm sorry. You used your time, but this is pretty fascinating issues that we're discussing here, and you're the last case of the week. At least we brought something that's interesting. We'll give you a minute, this is a short argument, so we'll give you a minute of rebuttal based on the, what you've just heard in the interchange. I think the only, the only two things I noted, first of all, we're talking a lot of speculation about what could have happened at trial if it had been a completely different trial. And that's what I think makes this difficult. Like saying that I never said it was an attempted robbery at trial. Well that just made him guilty at trial, so of course I didn't say that. Concerning the sentencing package doctrine, I understand certainly the sense that that implies that you should have one unified sentence, and you should have your shot at actually deciding what that sentence should be, knowing everything. I guess the only thing I'd say in response is, if you look at the guideline for robbery, it covers all of this conduct. And so if you just add ten years to the robbery, you could say that you got the sentence that you got. So I'll leave it at that unless you have any questions. I see none. Thank you very much. Thank you Mr. Rigg, and thank you also for representing your client under the Criminal Justice Act. My pleasure. All right. And clerk, I believe that completes our docket for this.